DEPARTMENT OF HOMELAND SECURITY

# NOTICE TO APPEAR

DOB: 11/19/1997

Event No: [redacted]

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: [redacted]

FINS: [redacted]

File No: 222 514 958

In the Matter of:

Respondent: OSCAR BENGAL currently residing at:

80 29th St Brooklyn, NEW YORK 11232

(Number, street, city, state and ZIP code) (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of DOMINICAN REPUBLIC and a citizen of DOMINICAN REPUBLIC;
3. You entered the United States at or near unknown place, on or about unknown date;
4. You were not then admitted or paroled after inspection by an Immigration Officer.ORAt that time you arrived at a time or place other than as designated by the Attorney General.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30 ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

201 Varick Street, Rm# 507, New York, NY 10014

*(Complete Address of Immigration Court, including Room Number, if any)*

on October 16, 2026 at 8:30 am to show why you should not be removed from the United States based on
*(Date)* *(Time)*

the charge(s) set forth above.

BRENDEN C CUNI Digitally signed by BRENDEN C CUNI Date: 2026.10.09 06:05:53 -04'00'

B9583 CUNI - SDDO

*(Signature and Title of Issuing Officer)*

Date: October 9, 2026

NEWARK, NEW JERSEY

*(City and State)*

## Notice to Respondent

**Alien Registration:** This Notice to Appear serves as evidence of your alien registration pursuant to INA § 262. If you are 18 years or older, failure to carry this Notice to Appear, or other evidence of alien registration as provided in 8 C.F.R. § 264.1(b), on your person at all times is a criminal offense pursuant to INA § 264(e), for which you may be subject to a criminal penalty of $5,000 and imprisonment of up to 30 days.

**Notification to the Department of Homeland Security (DHS) of Change of Address:** All aliens aged 14 years or older, and all parents and legal guardians of aliens under the age of 14, must report a change of address to U.S. Citizenship and Immigration Services, a component of DHS, within 10 days of moving, pursuant to INA § 265(a). Failure to notify DHS of your change of address is a criminal offense pursuant to INA § 266(b), for which you may be subject to a criminal penalty of $5,000 and imprisonment of up to 30 days. More information is available online at **https://www.uscis.gov/addresschange.** **This obligation is in addition to your obligation to notify the Immigration Court of your change of address**.

**Representation:** If you choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to INA §§ 240(b)(4)(A) and 292. Unless you request otherwise in writing, no hearing will be scheduled earlier than 10 days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost is provided with this notice.

**Conduct of the hearing:** At your hearing you will be given the opportunity to admit or deny any or all of the allegations in this Notice to Appear, including that you are inadmissible or deportable. You will be advised by the immigration judge of any relief from removal for which you may appear eligible, including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge. At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross-examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to INA § 208(a)(2)(B).

**Notification to the Immigration Court of Change of Address:** You are required to notify the Immigration Court, in writing, of your full mailing address and telephone number (if any). You must also immediately notify the Immigration Court whenever you change your address or telephone number during the course of this proceeding by using Form EOIR-33/IC, Change of Address/Contact Information Form. Notices of hearing will be mailed to this address. If you file a Form EOIR-33/IC with the Immigration Court, you must serve a copy on the ICE Office of the Principal Legal Advisor. If you change your address or telephone number during the course of this proceeding and do not submit Form EOIR-33/IC, the Immigration Court shall not be required to provide you with written notice of your hearing. **This obligation is in addition to your obligation to notify DHS of your change of address.**

**Failure to Appear:** If you fail to attend the hearing at the date, time, and place designated on this notice, or any date, time, or place later directed by the Immigration Court, the immigration judge shall order you removed in your absence upon determining that you were provided written notice and are removable. If you are arrested by ICE after being ordered removed in your absence by the immigration judge pursuant to INA § 240(b)(5), you will be required to pay a minimum fee of $5,000, adjusted for inflation, or a greater amount as established by the Secretary of Homeland Security.

**Mandatory Duty to Depart the United States:** If you become subject to a final order of removal as defined in 8 C.F.R. § 1241.1, you must depart the United States within 90 days of the order. If you do not depart, you may be subject to a civil penalty under INA § 274D(a) of $500 per day, adjusted for inflation, and imprisonment of up to 4 years (or 10 years if you belong to certain specified classes described in INA § 237(a)(1)(E), (2), (3), or (4)). If you are granted voluntary departure, you must comply with the terms of the voluntary departure order. If you fail to voluntarily depart within the time provided, you will be subject to a final order of removal, may be ineligible for certain immigration benefits for a period of 10 years from the date you overstayed the order, and may be subject to a civil penalty from $1,000 to $5,000, adjusted for inflation. For additional information, refer to the order granting voluntary departure, as well as INA § 240B(d).

**Sensitive Locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in INA § 239(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

______________________________
*(Signature of Respondent)*

Date: ______________

______________________________
*(Signature and Title of Immigration Officer)*

## Certificate of Service

This Notice To Appear was served on the respondent by me on October 9, 2026, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person ☐ by certified mail, returned receipt # __________ requested ☐ by regular mail
☐ Attached is a credible fear worksheet.
☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

REFUSED TO SIGN
*(Signature of Respondent if Personally Served)*

A15293 LIRIANO - Deportation Officer
*(Signature and Title of officer)*

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.