ERO NEW YORK CITY FIELD OFFICE

**INA § 236(a) Initial Custody Determination**

Name Oscar Bengal A-Number 222 514 958 Arrest Date & Time 10/8/2026 16:00

■ Individual is subject to § 236(a)—(Fill Out Below)
☐ Individual is NOT subject to § 236(a)—(Skip to Bottom and Sign)

---

**Instructions**: Pursuant to a settlement reached in *Velesaca v. Decker*, No. 20-cv-1803 (SDNY), ERO Officers at the New York City Field Office must utilize this form as part of the initial individualized custody determination under INA § 236(a). Detention under INA § 236(a) is discretionary, and ERO officers must make individualized determinations in each case.

Pursuant to federal regulation 8 C.F.R. § 236.1(c)(8), in making an initial custody determination under INA § 236(a), ERO may release a noncitizen who establishes to the satisfaction of the immigration officer that (1) the noncitizen does not pose a danger to persons or property, and (2) the noncitizen is likely to appear at all future proceedings.

When conducting an individualized initial custody determination, the officer must first consider whether the noncitizen has demonstrated that he or she is not a danger to property or persons. Only if the noncitizen has satisfied the immigration officer that he or she is not a danger to property or persons should the officer proceed to a flight risk analysis.

**Danger to the Persons or Property:**
In assessing whether an individual currently presents a "danger to persons or property," officers may consider any relevant factors, including, but not limited to: the extensiveness and seriousness of any criminal arrest or conviction; the length of time that has passed since any such arrest or conviction; the sentences imposed; criminal history not known to the immigration officer but disclosed by the noncitizen; statements from the noncitizen regarding dangerous or illegal conduct; evidence of rehabilitation; compliance with sentences; employment history and ties to the community. This list is non-exhaustive and does not preclude officers from considering other aggravating or mitigating factors relevant to determining whether the individual currently presents a "danger to persons or property."

Has the individual established that he/she does not pose a danger to persons or property?
☐ Yes ■ No

Discussion (if more space is needed, please attach additional page(s)):

Subject was arrested by the NYPD for Robbery 1st Degree: Forcible Theft Armed with a Deadly Weapon. Subject was convicted of Grand Larceny 4th: Property Taken from Person.

Subject is an alleged member of the Trinitario Street Gang and is a person of interest in

a 2025 shooting of an Off Duty CBP Officer.

*Please see back of form*

**Flight Risk:**
Factors to consider for flight risk may include, but are not limited to: whether the individual has a fixed address in the U.S.; the length of residence in the U.S.; family ties in the U.S.; employment history; record of appearance in court; criminal history (including how recent and serious); identified disabilities or medical conditions; history of immigration violations; manner of entry into the U.S.; attempts to flee prosecution; and whether an individual has upcoming court dates in state or local courts.

Has the individual established that he/she does not pose a flight risk? ☐ Yes ☐ No

If the noncitizen does pose a flight risk, have you determined that no forms of release on conditions can mitigate the risk of flight? ☐ Yes ☐ No

Discussion (if more space is needed, please attach additional page(s)):

______________________________

______________________________

______________________________

**Special Vulnerabilities:**
The officer should consider whether the noncitizen has any identified special vulnerabilities, such as physical illness; mental illness; disability; elderly; pregnant; nursing; primary caretaking responsibility; sexual orientation/gender identity; or other special circumstance that warrants consideration. No one factor is determinative.

Have you asked and considered whether the individual has any special vulnerabilities?
☒ Yes ☐ No

Have you identified a special vulnerability? ☐ Yes ☒ No

***Please ensure your determination is consistent with current statutory and regulatory authority and applicable agency guidance.***

**INITIAL CUSTODY DETERMINATION**

☐ Bond is set at __________
☐ Release to ATD or other conditions
☐ Release on Recognizance
☒ Detain

Supervisory Detention and Deportation Officer: BRENDEN C CUNI Digitally signed by BRENDEN C CUNI Date: 2026.10.09 03:54:00 -04'00'

Date: ____________________ Time Completed*: __________
(* if not e-signed)